UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PERRY & PERRY BUILDERS, INC. | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:25-cv-00106 |
| | § | |
| COWBELL CYBER, INC., and | § | |
| OBSIDIAN SPECIALTY INSURANCE | § | |
| COMPANY | § | |
|     Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Obsidian Specialty Insurance Company ("Obsidian") and Cowbell Cyber, Inc. ("Cowbell"), by and through their undersigned counsel, hereby remove this civil action pending in the District Court for the 20th Judicial District of Milam County, Texas, bearing Civil Action No. CV42776 (the "Action"), pursuant to 28 U.S.C. §§ 1441 and 1446, as amended and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

1. Plaintiff Perry & Perry Builders, Inc. ("Perry & Perry") filed its Original Petition on February 18, 2025 (the "Complaint"). In the Complaint, Perry & Perry contends that it is entitled to the payment of two Cyber Crime Loss limits of $250,000 under a commercial cyber insurance policy issued by Obsidian to Perry & Perry for a social engineering attack in which a fraudster tricked Perry & Perry into issuing payments to the fraudster's bank account through two electronic transfers made within one minute of each other.

2. Obsidian has already paid the Cyber Crime Loss limit of $250,000 to Perry & Perry for the loss but has declined to issue a second payment because, among other reasons, the Policy

unequivocally states that the $250,000 Cyber Crime Loss limit is the maximum that Obsidian would be liable to pay for all Claims or Cyber Crime Incidents under the Policy.

3.      As more fully set forth below, the Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interests.

### A.      Diversity of Citizenship Exists Between the Parties

5.      Perry & Perry is a Texas corporation with its principal place of business in Milam County, Texas. *See* Complaint, Ex. A-2 at ¶ 2. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

6.      Neither Obsidian nor Cowbell are citizens of Texas.

7.      Obsidian is an Delaware corporation engaged in the insurance business with a principal place of business at 1330 Avenue of the Americas, Suite 23A, New York, NY 10019. Accordingly, Obsidian is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

8.      Cowbell is a Delaware corporation with a principal place of business at 6800 Koll Center Parkway, Pleasanton, California. Accordingly, Cowbell is a citizen of Delaware and

California. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

9.      Although the Complaint identifies Cowbell's agent for service of process, Incorporating Services, Ltd., as having an address at 3610-2 North Josey, Suite 223, Carrollton, Texas, that is irrelevant to determining Cowbell's citizenship. *See Duzer Realty Corp. v. U.S. Underwriters Ins. Co.,* 2012 U.S. Dist. LEXIS 97032 (E.D.N.Y. July 6, 2012) ("Where and by what means a party accepts service of process has no bearing on its citizenship"); *Roe v. CitiMortgage, Inc.,* 2011 U.S. Dist. LEXIS 66979 (C.D. Ca. June 22, 2011) ("The location of Litton's registered agent, however, is irrelevant in determining Litton's citizenship.")

10.      Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists.

**B.      The Amount in Controversy Requirements is Satisfied**

11.      In its Complaint, Perry & Perry alleges that it has suffered damages in the amount of $250,000 for Obsidian's and Cowbell's alleged breach of contract. *See* Complaint, Ex. A-2 at ¶ 15 and Damages. Perry & Perry also seeks damages under causes of action asserted for violations of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act. *See* Complaint, Ex. A-2.

**C.      Removal is Timely**

12.      Removal is timely because thirty (30) days have not elapsed since defendants were served with a summons or citation.  28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served, even if the complaint is received at a prior date).

13. Obsidian was served with the Complaint on February 25, 2025. *See* Ex. A-7. Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed within 30-days after receipt of the Summons and Complaint.

14. Cowbell was served with the Complaint on February 27, 2025. *See* Ex. A-8. Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed within 30-days of receipt of the Summons and Complaint.

### D. Venue and Other Requirements are Satisfied

15. The United States District Court for the Western District of Texas embraces the locality in which the Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

16. The United States District Court for the Western District of Texas, Waco Division includes Milam County, the County in which the Action is now pending. Therefore, venue is proper because the Western District of Texas is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

17. As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff and to the Clerk of the District Court of Milam County, Texas.

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Cowbell and Obsidian in the Action are attached hereto collectively as Ex. A.

19. Defendants have filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that comply with Federal Rule of Civil Procedure 7.1.

20. No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses and motions are hereby preserved.

21.     The right to supplement this Notice of Removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

**WHEREFORE,** Defendants Obsidian and Cowbell respectfully remove this action from the District Court of Milam County, Texas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to this removal, the removing defendants respectfully request an opportunity to provide briefing and an oral argument as to why removal is proper.

Respectfully submitted,

*/s/ Wm. Lance Lewis*

WM. LANCE LEWIS
Texas Bar No. 12314560
**QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-880-1827 Telephone
214-871-2111 Facsimile
llewis@qslwm.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on March 21, 2025, a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record via certified mail, return receipt requested, and electronic mail in accordance with the Federal Rules of Civil Procedure.

Daniel R. Richards
Clark Richards
Taylor Gifford McCarty
RICHARDS RODRIGUEZ & SKEITH, LLP
611 West 15th Street
Austin, Texas 78701
drichards@rrsfirm.com
crichards@rrsfirm.com
tmccarty@rrsfirm.com

*/s/ Wm. Lance Lewis*

Wm. Lance Lewis