UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PERRY & PERRY BUILDERS, INC. | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:25-CV-00106-LS |
| COWBELL CYBER, INC., and | § | |
| OBSIDIAN SPECIALTY INSURANCE | § | |
| COMPANY | § | |
|     Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Perry & Perry Builders, Inc. ("Plaintiff" or "PPB") files this, its First Amended Complaint against Cowbell Cyber, Inc. and Obsidian Specialty Insurance Company. Pursuant to Fed. R. Civ. Proc. 15(a)(2) this First Amended Complaint is filed with consent of all opposing parties.

## I.    Parties

1.    Plaintiff Perry & Perry Builders, Inc. is a Texas corporation with its principal place of business in Milam County, Texas.

2.    Defendant Cowbell Cyber, Inc. ("Cowbell") is a foreign company doing business in the State of Texas that has appeared and answered.

3.    Defendant Obsidian Specialty Insurance Company ("Obsidian") is a foreign insurance company with NAIC # 16871 that has appeared and answered.

## II.    Jurisdiction

4.    The Court has jurisdiction over the lawsuit because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

### III.  Venue

5.      Venue is proper in this Court because this lawsuit was removed from  the District Court of

Milam County Texas.

### IV.  Facts

6.      PPB purchased a cyber insurance policy from Cowbell and Obsidian, Policy No. OBD-

CB-S3DTFHJ5Z-002, with a policy period from August 12, 2023 to August 12, 2024 (the

"Policy").[1]

7.      In December 2023, PPB suffered two separate cybercrime losses when an unauthorized

third party submitted fraudulent communications to a PPB employee who was authorized to make

payments. These fraudulent communications caused the employee to make two separate payments

to an unintended third-party recipient: one payment for $272,997.45 and another payment for

$601,886.25.

8.      The Policy provides coverage for "Cyber Crime Loss" with a limit of $250,000 for each

Claim. Under the Policy, a Cyber Crime Loss includes "loss of Money... directly resulting from...

Social Engineering Attack."

9.      A "Social Engineering Attack" is defined in the Policy as "the manipulation or deception,

by an unauthorized third party, of a[n]... employee... who is authorized to request or make

payments on behalf of the Insured Organization... accomplished by the transmission of fraudulent

communications... caus[ing] the... employee to transfer, pay or deliver the Insured Organization's

Money to an unintended third-party recipient."

10.     PPB promptly reported both losses to Cowbell. Cowbell assigned Claim No. CL01-OBD-

S3DTFHJ5Z-002 and paid the policy limit of $250,000 for one of the losses.

---

[1] The declarations are entitled "Cowbell Cyber Risk Insurance Declarations – Prime 250." The signature page of the
of declarations identifies Obsidian Specialty Insurance Company NAIC # 16871.

11.     In May 2024, PPB submitted a written demand to Cowbell for payment of the policy limit

for the second loss. However, Cowbell and Obsidian have wrongfully refused to pay the policy

limit for the second loss and has failed to provide a reasonable explanation of the basis in the policy

for its denial of the claim.

## V.    Causes of Action

### A.    Breach of Contract

12.     The Policy constitutes a valid and binding contract between Plaintiff and Defendants.

Plaintiff performed all conditions precedent under the Policy.

13.     Defendants breached the Policy by failing to pay the policy limit of $250,000 for the second

cyber crime loss suffered by Plaintiff.

14.     As a result of Defendant's breach, Plaintiff has suffered damages in the amount of

$250,000.

### B.    Violations of the Texas Insurance Code

15.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code,

including:

   a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of
      a claim with respect to which the insurer's liability has become reasonably clear (Tex.
      Ins. Code § 541.060(a)(2)(A));

   b. Failing to promptly provide a reasonable explanation of the basis in the policy for the
      insurer's denial of a claim (Tex. Ins. Code § 541.060(a)(3));

   c. Failing to affirm or deny coverage of a claim within a reasonable time (Tex. Ins. Code
      § 541.060(a)(4));

     d.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim (Tex. Ins. Code § 541.060(a)(7));

     e.   Making an untrue or misleading statement of material fact or law or failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made (Tex. Ins. Code § 541.061(1-4); and

     f.   Failing to comply with the prompt payment requirements of Texas Insurance Code Chapter 542, Subchapter B.

16.     Under Texas Insurance Code § 542.058, Defendants' failure to pay Plaintiff's claim within 60 days after receiving all items, statements, and forms reasonably requested and required entitles Plaintiff to 18% annual interest on the amount of the claim as damages, together with reasonable and necessary attorney's fees.

## VI.  Damages

17.     As a result of Defendant's conduct described above, Plaintiff has suffered actual damages, including:

     a.   The unpaid policy benefits in the amount of $250,000;

     b.   Reasonable and necessary attorney's fees;

     c.   Costs of suit;

     d.   Prejudgment and post-judgment interest at the maximum rate allowed by law.

## VII. Attorney's Fees

18.     Plaintiff has retained the undersigned law firm to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 and Tex. Ins. Code § 541.152.

## VIII.  **Conditions Precedent**

19.     All conditions precedent to Plaintiff's claim for relief have been performed or have

occurred.

## IX.  **Prayer**

20.     For these reasons, Plaintiff Perry & Perry Builders, Inc. asks the Court to issue citation to

Defendant to appear and answer and that Plaintiff be awarded a judgment against Defendant for

the following:

     a.  Actual damages against Defendant in the amount of $250,000;

     b.  Prejudgment and post judgment interest;

     c.  Court costs;

     d.  Attorney fees; and

     e.  All other relief to which Plaintiff is entitled.


Respectfully submitted,


*/s/ Clark Richards*
Daniel R. Richards
State Bar No. 00791520
drichards@rrsfirm.com
Clark Richards
State Bar No. 90001613
crichards@rrsfirm.com
Taylor Gifford McCarty
State Bar No. 24027262
tmccarty@rrsfirm.com
**RICHARDS RODRIGUEZ & SKEITH, LLP**
611 West 15th Street
Austin, Texas 78701
Telephone: (512) 476-0005
Facsimile: (512) 476-1513

**ATTORNEYS FOR PLAINTIFF
PERRY & PERRY BUILDERS, INC.**

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been filed through the CM/ECF system on June 27, 2025. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

William Lance Lewis
Quilling Selander Lownds Winslett & Moser, PC
2001 Bryan St., Suite 1800
Dallas, TX 75201
llewis@qslwm.com

Gabriel Darwick (admitted *pro hac vice*)
White and Williams LLP
810 Seventh Avenue, Suite 500
New York, New York 10019
darwickg@whiteandwilliams.com

**CLARK RICHARDS**